## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OVERNIGHT BLOWOUT LLC; YESENIA HIPOLITO, | Case No. 1:25-cv-3318 (JPO) |
| Plaintiff, | |
| v. | |
| YIWU LANDU ACCESSORIES LLC; JIAMAIWEN; STARSHARDS; XHH BEAUTY MAKEUP; YIWU YAOXIN BEAUTY TOOLS CO., LTD. d/b/a YWXINGYA; XIAMEN AUDUOLAMENG TRADING CO, LTD. d/b/a AGGRAD; DMKKXFTXLY SHOP; SHENZHEN KEXIN ELECTRONIC DEVELOPMENT CO., LTD. d/b/a GOOSEBERRY LI; YIWU MENGYAN JEWELRY CO., LTD. d/b/a MY HAIR ACCESSORIES; YIWU LUYA E-COMMERCE FIRM d/b/a SLOWING BEAUTY; HANGZHOU DUBEN TRADING CO., LTD. d/b/a BKSDUEH; CHESK LLC; SICHUAN ZHONGYI ZHIDA TECHNOLOGY CO., LTD. d/b/a DYANG STORE; HANGZHOU YANZHENG TRADING CO., LTD. d/b/a ECHOMART; ZHENGZHOU LANGHUAN TRADING CO., LTD. d/b/a JXZS; SHIPTIG INC. d/b/a SHIPTIG, | |
| Defendants. | |

## PRELIMINARY INJUNCTION

Upon Plaintiffs Overnight Blowout LLC ("Overnight Blowout") and Yesenia Hipolito's

("Hipolito") (collectively, "Plaintiffs") application for a preliminary injunction against Defendants

Yiwu Landu Accessories LLC; Jiamaiwen; Starshards; XHH Beauty Makeup; Yiwu Yaozin

Beauty Tools Co., Ltd. d/b/a Ywxingya; Xiamen Auduolameng Trading Co, Ltd. d/b/a AGGRAD;

DMKKXFTXLY Shop; Shenzhen Kexin Electronic Development Co., Ltd. d/b/a Gooseberry Li; Yiwu Mengyan Jewelry Co., Ltd. d/b/a MY Hair Accessories; Yiwu Luya E-Commerce Firm d/b/a SLOWING BEAUTY; Hangzhou Duben Trading Co., Ltd. d/b/a BKSDUEH; Chesk LLC; Sichuan Zhongyi Zhida Technology Co., Ltd. d/b/a Dyang Store; Hangzhou Yanzheng Trading Co., Ltd. d/b/a EchoMart; Zhengzhou Langhuan Trading Co., Ltd. d/b/a JXZS; Shiptig Inc. d/b/a Shiptig (collectively, "Defendants"), using at least the domain names or online marketplace accounts identified in the Complaint (the "Marketplace Accounts"); upon the accompanying memoranda of law and declarations, the Preliminary Injunction hearing held on May 15, 2025; and pursuant to Federal Rule of Civil Procedure 65(a):

IT IS HEREBY ORDERED that Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them who receive actual notice of this Order, are enjoined from:

a.  Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring products that reproduce or colorably imitate Plaintiffs' registered design patent, No. D1,029,387 S (the "'387 Patent");

b.  Using the OVERNIGHT BLOWOUT trademark (the "OVERNIGHT BLOWOUT Mark") in commerce, including in connection with the Marketplace Accounts;

c.  Reproducing, adapting, or publicly displaying Plaintiffs' copyrighted works, including the copyrighted works covered by U.S. Copyright Registration Nos. PA 2-479-850, PA 2-479-851, PA 2-491-940, PA 2-491-941, and VA 2-414-978 (the "OVERNIGHT BLOWOUT Copyrights");

d.  Using Plaintiff Hipolito's image or likeness, or a modified version of Hipolito's image or likeness;

e.  Directly or indirectly implying a false endorsement or promotion by Plaintiff Hipolito or any other model who has not endorsed or promoted Defendants' products;

f.  Passing off, inducing, or enabling others to sell or pass off any product as a genuine OVERNIGHT BLOWOUT product that is not, in fact, Plaintiffs' OVERNIGHT BLOWOUT Product and/or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the OVERNIGHT BLOWOUT Mark or the '387 Patent;

g.  Committing any other acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, endorsed by, or otherwise connected with Plaintiffs;

h.  Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory held by Defendants which bear the OVERNIGHT BLOWOUT Mark, the '387 Patent, or the OVERNIGHT BLOWOUT Copyrights;

i.  Operating and/or hosting websites and/or any other web presence or online storefront involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing OVERNIGHT BLOWOUT Mark, the '387 Patent, or the OVERNIGHT BLOWOUT Copyrights;

j.  Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, Marketplace Account, website, or other means

for the purposes of circumventing or otherwise avoiding the prohibits set forth in this Order; and

    k. Encouraging, facilitating, assisting, or inducing others to violate (a) – (j) herein.

IT IS FURTHER ORDERED that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including third-party financial institutions, payment processors, banks, escrow services, money transmitters, web hosts, registrars, or marketplace platforms that are providing services for any of the Defendants, including without limitation Amazon.com, Walmart.com, Alibaba.com, AliExpress.com, TikTok.com, Shein.com, Shopify, PayPal, GoDaddy, and their related companies and affiliates (together, the "Third Party Providers") are hereby restrained and enjoined from:

    a. Transferring or disposing of any money or other assets residing with Defendants' Marketplace Accounts;

    b. Allowing funds held by Defendants to be transferred or withdrawn to or from any Marketplace Account or financial account used in connection therewith;

    c. Providing services to Defendants and Defendants' Marketplace Accounts;

    d. Encouraging, facilitating, assisting, or inducing others to violate (a) – (c) herein.

IT IS FURTHER ORDERED that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, are to preserve and not secrete, conceal, destroy, sell off, transfer, or otherwise dispose of (i) evidence relating to the Marketplace Accounts; or (ii) evidence otherwise related to the allegations set forth in Plaintiffs' Complaint in the matter herein.

IT IS FURTHER ORDERED that within fourteen (14) days of receipt of service of this Order, the Third Party Providers shall provide to Plaintiffs' counsel all documents and records in

their possession, custody or control (whether located in the U.S. or abroad) not otherwise provided which relate to Defendants' Marketplace Accounts, including but not limited to documents and records relating to:

    a.  Identifying information and account numbers which Defendants have ever had and/or currently maintain with the Third Party Provider in connection with the Marketplace Accounts;

    b.  Any information comprising identities, location, and contact information for Defendants;

    c.  Any and all financial information tied to the Marketplace Accounts, including methods of payment and methods of accepting payment, financial accounts used in connection with the Marketplace Accounts, account numbers and current account balances, and any other identifying information tied to such financial accounts; and

    d.  A full accounting of Defendants' sales history and listing history.

IT IS FURTHER ORDERED that Plaintiffs shall serve a copy of this Preliminary Injunction on Defendants via e-mail as ordered in the temporary restraining order, and such means shall be deemed as effective as to Defendants and Third Party Providers through the pendency of this action.

IT IS FURTHER ORDERED that this Order shall remain in effect during the pendency of this action, or until further order of the Court.

SO ORDERED this **16th day of May 2025**.

J. PAUL OETKEN
United States District Judge